UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James A. Toliver (#M-31416), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12 C 5380 |
| | ) | |
| Cook County Municipality, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

SHARON JOHNSON COLEMAN, District Court Judge:

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Cook County, its Sheriff, and a physician's assistant at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed medical care for a broken rib for several months. The plaintiff additionally contends that the county had no system in place for ensuring that detainees' basic medical needs were met. This matter is before the court for ruling on the defendants' motion for summary judgment. For the reasons stated in this order, the uncontested motion is granted.

### LOCAL RULE 56.1

Together with their motion for summary judgment, the defendants included a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" [document no. 32], as required by circuit precedent. That notice explained in detail the requirements of the Local Rules governing summary judgment and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g.,*

*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Although granted over two months to do so, the plaintiff has failed to file an opposing brief. In view of the plaintiff's failure to respond to the defendants' motion, the court finds that the following facts, all supported by the record, are undisputed for purposes of the summary judgment motion:

The plaintiff, James Toliver, currently an Illinois state prisoner, was a pretrial detainee at the Cook County Jail at all times relevant to this action. (Defendants' Statement of Facts, ¶ 2.) Defendant Thomas Dart is the Sheriff of Cook County. (*Id.*, ¶ 2.) Defendant Manisha Patel is a physician's assistant at the jail. (*Id.*, ¶ 6.)

On January 15 and/or February 8,[1] 2012, the plaintiff fell, injuring his right side. (*Id.*, ¶¶ 11, 19.) He allegedly submitted up to four medical request slips before he was seen by the medical staff. (*Id.*, ¶ 10.)

On February 9, 2012, a nurse examined the plaintiff on his tier. (*Id.*, ¶ 20.) The nurse instructed the plaintiff to take Tylenol for pain and scheduled him for an evaluation. (*Id.*, ¶ 20.)

The plaintiff had a consultation with defendant Patel in the medical dispensary the next day. (*Id.*, ¶ 21.) In examining the plaintiff, Patel touched his ribs and chest to feel for broken ribs, had him stretch in different directions, and checked his lung function. (*Id.*) Patel detected no bruising or swelling. (*Id.*) The plaintiff had some tenderness, but there was no crepitus (rattling noise) or "crunchy sounds" indicating a broken rib. (*Id.*) The plaintiff's breathing sounded "good." (*Id.*)

---

[1] The plaintiff's medical records would seem to suggest that he is mistaken about the date of his injury; however, it is conceivable that the plaintiff fell and injured his side twice within a three-week period.

After examining the plaintiff, defendant Patel told him all he had was a bad bruise. (*Id.*, ¶ 10.) Patel prescribed pain medication, but ordered no x-rays or bandages, believing that the plaintiff's condition was not serious. (*Id.*, ¶¶ 21, 22.)

During an April 2012 health care appointment relating to nasal congestion and foot and ankle pain, the plaintiff admittedly made no mention of pain in his rib area. (*Id.*, ¶ 29.)

However, on June 8, 2012, the plaintiff submitted a health care request once again reporting that he was experiencing pain in his right side. (*Id.*, ¶ 30.) A member of the health care staff saw the plaintiff the next day. (*Id.*, ¶ 31.)

At a follow-up appointment on June 21, 2012, defendant Patel once again examined the plaintiff and once again noted no deformity or swelling. (*Id.*) Nevertheless, based on the plaintiff's report of tenderness, Patel ordered an x-ray for him the next day. (*Id.*)

The x-ray revealed a possibly healed rib fracture. (*Id.*, ¶ 33.) The report stated, "[S]light cortical irregularity to the lateral aspect of the right ninth rib, may reflect old healed fracture. No definite acute fracture. Soft tissues are unremarkable." (*Id.*) Patel explained the x-ray results to the plaintiff. (*Id.*, ¶ 34.)

The plaintiff initiated this lawsuit on July 9, 2012, less than two weeks later. (*See* court docket.) The plaintiff did not file a grievance concerning his medical care prior to filing suit. (Defendants' SOF, ¶¶ 40, 41.)

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of*

*Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

## ANALYSIS

No material facts are in dispute, and the defendants have established that they are entitled to judgment as a matter of law. It is uncontested that the plaintiff failed to exhaust administrative remedies prior to filing suit. Regardless, the record fails to support an inference either that the plaintiff had a "serious" medical need, or that the defendants acted with deliberate indifference to his medical condition.

**1. The Plaintiff Failed to Exhaust Administrative Remedies**

The defendants have demonstrated that the plaintiff filed suit without first exhausting administrative remedies. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997(e)(a); *see also Jones v. Bock*, 549 U.S. 199, 204 (2007); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013) (Kocoras, J.). The defendant bears the burden of pleading and proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)).

In order to satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002). If a prisoner fails to properly avail himself of the prison's or jail's grievance process, he may lose his right to sue. *Massey*, 196 F.3d at 733; *Howard*, 2013 WL 1707955, at *2.

In the case at bar, the plaintiff does not dispute that he never filed a grievance concerning his medical care. In light of the plaintiff's effectively conceded failure to exhaust administrative remedies, the court cannot consider the substantive merit of his claims. *See Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999); *Martin v. Dart*, No. 10 C 5920, 2012 WL 2046511, *2 (N.D. Jun. 4, 2012). Dismissal of the plaintiff's claims is appropriate under 42 U.S.C. § 1997e(a).

**2. The Defendants Did Not Act with Deliberate Indifference to a Serious Medical Need**

Even ignoring exhaustion concerns, the court finds that the defendants are entitled to judgment as a matter of law with respect to the plaintiff's claim that he was denied needed medical care.

The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). In the case at bar, the plaintiff cannot satisfy either prong.

**a. No Objectively Serious Medical Need**

The plaintiff had no "serious" medical condition for purposes of constitutional analysis. A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

In the case at bar, the plaintiff fell and injured his side either while walking or stretching. At least two examinations revealed nothing more than the soreness one might expect from a

minor fall; the usual indicators for a broken bone were negative. Indeed, the plaintiff apparently never once contacted the medical staff to report rib pain during the four-month time span between February 2012, when he was first examined, and June 2012, when he submitted another medical request form. Even though later x-rays revealed a possibly healed "old" rib fracture, the record does not support inferences either that (1) the "slight irregularity" that might or not have been an old fracture could be attributed to the January or February 2012 injury, or (2) the non-acute fracture should have been evident to Patel. There is no triable issue of fact as to whether the plaintiff had no obviously serious medical need.

### b. No Deliberate Indifference

Furthermore, even assuming that the plaintiff did have a fractured rib, he has not presented any evidence tending to show that defendant Patel acted with deliberate indifference. Even if the plaintiff sustained an injury in January 2012 and had to submit four request slips, there is no indication that Patel was responsible for the oversight. Once the plaintiff submitted a request slip on February 8, 2012, a nurse saw him the next day and Patel examined him the day after that. Likewise, a member of the health care staff went to the plaintiff's cell the day after he submitted his June 8, 2012, medical slip, and defendant Patel saw the plaintiff thirteen days later. Although Patel still detected no deformity or swelling, he ordered x-rays based on the plaintiff's complaint of tenderness. Defendant Patel did not act with callous disregard to the plaintiff's medical condition.

### c. No Municipal Liability

Finally, because the court finds that defendant Patel did not violate the plaintiff's Fourteenth Amendment rights, neither Thomas Dart nor Cook County can be held liable for an

allegedly ineffective custom or policy of providing overall medical care to pretrial detainees. "It is well established that there can be no municipal liability based on an official policy under *Monell* [*v. Department of Social Services*, 436 U.S. 658 (1978)], if the policy did not result in a violation of a plaintiff's constitutional rights." *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (quoting *King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007)). The court therefore has no occasion to consider any broad claim against Cook County and its Sheriff.

## CONCLUSION

In sum, it is undisputed that (a) the plaintiff failed to exhaust administrative remedies prior to filing suit; (b) the plaintiff had no obviously serious medical need, and (c) the health care staff was responsive to the plaintiff's medical concerns. There is no issue of fact for a jury to decide, and the defendants have established that they are entitled to judgment as a matter of law. The court is satisfied that, even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendants acted with deliberate indifference to the plaintiff's serious medical needs. Accordingly, the defendants' unopposed motion for summary judgment is granted.

If the plaintiff wishes to appeal this final order, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-

meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that the defendants' uncontested motion for summary judgment [#29] is granted. The Clerk is directed to enter judgment in favor of the defendants pursuant to Fed. R. Civ. P. 56. The case is terminated. The status conference previously scheduled for October 28, 2013, at 9:15 a.m. is vacated.

Date: October 25, 2013          Enter: /s/ Sharon Johnson Coleman

SHARON JOHNSON COLEMAN
United States District Judge